IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 24, 2007

## STATE OF TENNESSEE v. WILLIAM JOSHUA HARWOOD

**Appeal from the Criminal Court for Hamilton County**
**No. 249775     Rebecca Stern, Judge**

_____

**No. E2006-01483-CCA-R3-CD - Filed September 4, 2007**

_____

The defendant, William Joshua Harwood, appeals as of right from his Hamilton County Criminal Court convictions for attempt to manufacture methamphetamine and two counts of theft of property valued at over one thousand dollars. On appeal, he argues that the evidence is insufficient to support his convictions because they are based upon the uncorroborated testimony of an accomplice. The state concedes in its brief that the convictions should be reversed and dismissed for this reason. Following our review, we agree. Accordingly, the convictions are reversed and dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are**
**Reversed and Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. C. MCLIN, JJ., joined.

Mike A. Little, Chattanooga, Tennessee, attorney for appellant, William Joshua Harwood.

Robert E. Cooper, Jr., Attorney General & Reporter; Brent C. Cherry, Assistant Attorney General; William H. Cox, III, District Attorney General; James Woods and Boyd Patterson, Assistant District Attorneys General, attorneys for appellee, State of Tennessee.

**OPINION**

The proof at trial consisted of the testimony of both theft victims, Elizabeth Martin and Judith Martin. William Lewis, Russell Craig, James Fletcher, Victor Woughter and Ashley Cummings, members of various law enforcement agencies, testified regarding their roles in the investigation. In addition to these witnesses, Elsie Martin, an indicted accomplice testified.

Elizabeth Martin testified that she returned home from a two-week trip to Italy to discover her home in disarray and smelling "like cat urine." She contacted authorities who discovered that

someone had been manufacturing methamphetamine in the home. She stated that her daughter, Elsie Martin, had access to the home while she was in Italy. She also recalled that several items were missing from her home and that a pile of women's and men's clothing was found on her kitchen floor. She did not mention the defendant in her testimony.

Judith Martin, Elsie Martin's grandmother, testified that she had traveled to Italy with her daughter, Elizabeth, only to return home to find her home ransacked. She stated that Elsie also had access to her home. Several items, including a blank check, were discovered missing from the home. Investigators later learned that the blank check had been cashed for $5700. She did not mention the defendant in her testimony.

Lieutenant William Lewis of the Signal Mountain Police Department, testified that when he was called to the scene of Elizabeth Martin's home he became concerned that the house had been used to manufacture methamphetamine. His investigation led him to a local extended stay motel where he uncovered most of the stolen items. He recalled seeing male and female clothing in the motel. He did not mention the defendant in his testimony.

Officer Russell Craig of the Signal Mountain Police Department testified that he is certified in clandestine methamphetamine lab processing. He stated that he processed the items recovered at Elizabeth Martin's home and confirmed that someone had been manufacturing methamphetamine at the residence. He did not mention the defendant in his testimony.

Officer James Fletcher of the Signal Mountain Police Department testified that he transported evidence recovered from Elizabeth Martin's home to the Tennessee Bureau of Investigation Crime Lab. Agent Ashley Cummings of the TBI Crime Lab confirmed that the items contained evidence of methamphetamine. Agent David Shelton of the Drug Enforcement Administration estimated the amount of methamphetamine manufactured to be about twenty-three grams of "fairly high purity" and that one gram would be the standard amount possessed by a methamphetamine user. None of these law enforcement agents mentioned the defendant in their testimony.

Officer Victor Woughter of the Chattanooga Police Department testified that he assisted in the execution of a search warrant at the extended stay motel room that uncovered many of the stolen items. He recalled that several horoscopes with birthdates and names written on them were found at the scene. Written on one horoscope was the name "Josh" with the birthdate September 12, 1982, the defendant's birthdate. While at the motel, Officer Woughter observed the defendant in the lobby.

Elsie Martin, an indicted codefendant, stated that she was testifying in exchange for serving her sentence in rehabilitation. She testified that the defendant cooked methamphetamine in her mother's basement. She also stated that she purchased supplies for the defendant to assist in the manufacturing of the drug. She testified that she and the defendant went to her grandparents' home to get something to eat and that the defendant stole several items from the home. She did not implicate the defendant in any theft from her mother's home. She stated that she saw a third codefendant, Wendy Campbell, in possession of the stolen items at the extended stay motel.

ANALYSIS

The defendant contends that the evidence is insufficient to prove his guilt for the convicted offenses because it is based upon the uncorroborated testimony of an accomplice, Elsie Martin. The state concedes and asks this court to reverse and dismiss the defendant's convictions. Upon full consideration of the record before us, we agree.

An appellate court's standard of review when the defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The appellate court does not reweigh the evidence; rather, it presumes that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions regarding witness credibility, conflicts in testimony, and the weight and value to be given to evidence were resolved by the jury. See State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt, and on appeal the defendant has the burden of illustrating why the evidence is insufficient to support the jury's verdict. Bland at 659; State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In State v. Bigbee, 885 S.W.2d 797 (Tenn. 1994), our supreme court explained the requirement that a conviction may not be based solely upon the uncorroborated testimony of an accomplice when it ruled that:

[T]here must be some fact testified to, entirely independent of the accomplice's testimony, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it; and this independent corroborative testimony must also include some fact establishing the defendant's identity. This corroborative evidence may be direct or entirely circumstantial, and it need not be adequate, in and of itself, to support a conviction; it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged. It is not necessary that the corroboration extend to every part of the accomplice's evidence.

State v. Bigbee, 885 S.W.2d at 803 (citations omitted). The determination of whether there is sufficient corroboration is a question for the jury. Id.

Our review of the evidence presented at trial reveals that the only evidence implicating the defendant with any criminal activity was presented solely through the testimony of Elsie Martin. Indeed, Officer Woughter is the only other witness to mention the defendant in his testimony and his reference to the defendant does not connect the defendant to the commission of any of the charged crimes. Therefore, we conclude that there is insufficient corroboration of Elsie Martin's testimony to support the defendant's convictions for attempt to manufacture methamphetamine and two counts of theft. Accordingly, the defendant's convictions are reversed and the cases are dismissed.

## CONCLUSION

Because the evidence at trial failed to corroborated the testimony of an accomplice, the defendant's convictions are reversed and the cases are dismissed.

_____
D. KELLY THOMAS, JR., JUDGE